UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MALIK E. MUHAMMAD-BEY,                    Case No. 16-CV-1988 (PJS/SER)

            Plaintiff,

v.                                                                ORDER

DR. STEPHEN CRAANE,
KATHY REID,
DR. DAVID A. PAULSON,
NANETTE LARSON,
JEANNE LUCK, and
JOHN AND JANE DOES,
In their respective individual and official
capacities for actions under color of law
as Plaintiff's Treating physicians of
Minnesota Correctional Facilities, Oak
Park Heights,

            Defendants.

---

            Malik E. Muhammad-Bey, plaintiff, pro se.

            Plaintiff Malik Muhammad-Bey is a prisoner incarcerated at the Minnesota

Correctional Facility in Oak Park Heights.  Defendants are various state employees who

are allegedly responsible for providing medical services to Muhammad-Bey.

Muhammad-Bey brought this action under 42 U.S.C. § 1983, alleging that defendants

were deliberately indifferent to his medical needs.

-1-

Muhammad-Bey applied for, and received, IFP status.  As required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), Muhammad-Bey was ordered to pay an initial partial filing fee (here, $71.75) within 20 days or have his complaint dismissed for lack of prosecution.  After Muhammad-Bey did not pay the fee within 20 days, Magistrate Judge Stephen E. Rau recommended that this action be dismissed for failure to prosecute, in a Report & Recommendation ("R&R") filed on September 23, 2016.  ECF No. 4.

Muhammad-Bey objects to the R&R, but it is somewhat difficult to discern the basis of his objection.  Muhammad-Bey's objection and his accompanying "Affidavit of Fact" consist largely of the type of legal gibberish that is typically found in the filings of tax protesters.  For example, Muhammad-Bey seems to argue that he does not have to pay the initial partial filing fee because (1) that fee can be paid with only "gold or sil[v]er coins" due to Article I, Section 10 of the U.S. Constitution and (2) Muhammad-Bey "do[es] not have or possess, any gold or silver coins."  ECF No. 5 at 3.  But Article I, Section 10 has nothing to do with this case.  That section prohibits a *state* from "mak[ing] anything but gold and silver coin a tender in payment of debts."  That section does not restrict the federal government—including this (federal) court—in any way.

Muhammad-Bey has funds available to pay the initial partial filing fee.  A prison official certified that Muhammad-Bey had $20.16 in his trust-fund prison account at the time of the IFP application, had average monthly deposits to that account of $358.73, and had in that account an average monthly balance of $272.28.  ECF No. 2 at 6. Muhammad-Bey himself acknowledged that he had an average monthly income of $30 and an expected income for the subsequent month of $70.  *Id*. at 1.  Muhammad-Bey clearly has the means to pay an initial partial filing fee.

Muhammad-Bey's papers also appear to raise a number of other arguments, including arguments that (1) requiring an initial partial filing fee violates his constitutional rights, ECF No. 5 at 3; (2) the Court lacks jurisdiction over him because "I am Sovereign to this land and as such, this Administrative Court does not have lawful jurisdiction to hear, present, or pass judgment in any matter concerning my affairs under a quasi criminal non sanctioned tribunal of foreign private law process," *id*. at 1;[1] and (3) requiring him to file a financial statement before granting him IFP status violated his due process rights and his "right to free access to the Courts," ECF No. 5 at 3.  All of these arguments are frivolous.  *See, e.g.*, *Christiansen v. Clarke*, 147 F.3d 655, 658

---

[1]These assertions appear to be made on the basis of Muhammad-Bey's belief that he is "a sovereign Al Moroccan/American citizen and Aboriginal Indigenous 'Natural Person' of the Continental United States (the Organic Land and People)," ECF No. 6 at 6, and belief that he is part of the "MOORISH NATIONAL REPUBLIC"and "MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD," ECF No. 5 at 1.

(8th Cir. 1998) ("The monetary provisions of the PLRA certainly withstand constitutional scrutiny . . . ."); *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997) (". . . the filing fee provisions of the Act do not unconstitutionally impinge on indigent inmates' right of meaningful access to the courts or right to petition the courts for redress.").

Muhammad-Bey is required by the PLRA to pay the initial partial filing fee. He was warned that, if he did not pay that fee, his lawsuit would be dismissed. He did not pay the fee, and therefore his lawsuit is dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      The Report and Recommendation of September 23, 2016 [ECF No. 4] is

ADOPTED.

2.      This case is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  November 7, 2016                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge

-4-