UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MALIK E. MUHAMMAD-BEY, | Case No. 16-CV-1988 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| DR. STEPHEN CRAANE, M.D.;<br>KATHY REID;<br>DR. DAVID A. PAULSON, M.D.;<br>NANETTE LARSON;<br>JEANNE LUCK; and<br>JOHN AND JANE DOES,<br>in their respective individual and official<br>capacities for actions under color of law<br>as Plaintiff's Treating physicians of<br>Minnesota Correctional Facilities, Oak<br>Park Heights, | |
| Defendants. | |

Malik E. Muhammad-Bey, pro se.

This matter is before the Court on plaintiff Malik Muhammad-Bey's motion to proceed on appeal without prepayment of fees.  A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for *in forma pauperis* ("IFP") status.  28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a).[1]  To qualify for IFP status, a

---

[1]Under Fed. R. App. P. 24(a)(3), a litigant who was permitted to proceed IFP in the district court need not seek further authorization to appeal IFP.  Because Muhammad-Bey never paid his initial partial filing fee, however, the Court did not grant his district-court IFP application.  Even if Muhammad-Bey had been permitted to

(continued...)

litigant must demonstrate that he cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Good faith is demonstrated when a defendant seeks appellate review of any non-frivolous issue.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Muhammad-Bey's claims in this case do not appear to be facially frivolous.  However, this case was dismissed for lack of prosecution because Muhammad-Bey refused to pay the initial partial filing fee, and the reasons for his refusal are completely frivolous.  *See* ECF No. 7 at 2 (noting that Muhammad-Bey's objections to paying the initial fee "consist largely of the type of legal gibberish that is typically found in the filings of tax protesters").  The Court therefore certifies that Muhammad-Bey's appeal of the order dismissing this case for lack of prosecution is not taken in good faith and his motion to appeal IFP is denied.[2]

---

[1](...continued)
proceed IFP in this Court, the Court retains the ability to deny IFP status on appeal if the Court certifies that the appeal is not taken in good faith.  *See* Fed. R. App. P. 24(a)(3).

[2]The Court notes that, even if it were to grant Muhammad-Bey's IFP application, he would still be required to pay the full appellate filing fee, including an initial partial payment.  28 U.S.C. § 1915(b).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED AND CERTIFIED THAT plaintiff's appeal is not taken in good faith and his motion to proceed *in forma pauperis* on appeal [ECF No. 10] is therefore DENIED.

Dated:  December 8, 2016              s/Patrick J. Schiltz
                                                                          Patrick J. Schiltz
                                                                          United States District Judge